IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JAMES CURTIS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   CIVIL NO. 03-681-MJR |
| | ) |
| **MARK PIERSON, JULIUS FLAGG,** | ) |
| **LOUIS BATTS, K. ROBINSON,** | ) |
| **B. KLINDWORTH, L. HAGENE,** | ) |
| **J. JACKSON, G. HUDSON,** | ) |
| **LINDA FRITTS, J. KELLERMAN** | ) |
| **and WILBER GENE PURSELL,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, currently an inmate in the Stateville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he was not required to pay an initial partial filing.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are legally frivolous and thus subject to summary dismissal.

This complaint presents a detailed chronology of events that occurred from March through August of 2003, while Plaintiff was in the Pinckneyville Correctional Center. Over this time period, Plaintiff declared several hunger strikes, for reasons not apparent in the complaint. Each time he declared a hunger strike, his property was packed up and removed from his cell pursuant to policy. As illustrated by the exhibits, Plaintiff was often directed to pack his property to move to another housing unit; each time this happened, he refused that directive in no uncertain terms. Each refusal led to a disciplinary ticket for disobeying a direct order, among other charges. Without exception, he was found guilty of those charges. At first his punishment was simply one month in segregation and a one-month demotion to C-grade. As the pattern continued, though, the successive punishments increased. By the time he received his fourth such ticket on July 7, his punishments had expanded to include the revocation of good conduct credit, in addition to incremental time in segregation and C-grade. In July, Plaintiff was also charged with covering his cell window and flooding his cell on two occasions. Eventually, this pattern of misbehavior led to a transfer to Menard on August 6, 2003.

Although the exhibits indicate a pattern of continued, escalating misbehavior by Plaintiff, he has another explanation. He believes that all of the property confiscations and disciplinary proceedings occurred because he filed grievances against Defendant Robinson in March 2003. His primary claim is that Robinson retaliated against him for those grievances by enlisting the assistance

of other officers to issue unfounded disciplinary tickets against Plaintiff.

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement.  *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988).  Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer."  *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).  Applying these standards to the allegations in the complaint, the Court is unable to dismiss the retaliation claim against Robinson at this point in the litigation.

Several other potential claims require discussion.  Plaintiff is understandably upset at the confiscation of his property each time he declares a hunger strike.  The only constitutional right that might be implicated by these facts is Plaintiff's right, under the Fourteenth Amendment, to be free from deprivations of his property by state actors without due process of law.  To state a claim under the due process clause of the Fourteenth Amendment, plaintiff must establish a deprivation of liberty or property *without due process of law*; if the state provides an adequate remedy, plaintiff has no civil rights claim.  *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy).  The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILCS 505/8 (1995).  Accordingly, Plaintiff has no claim under Section 1983 for these confiscations of his property.

Plaintiff also includes a vague claim that confiscation of his legal property interferes with

his access to the courts. However, he makes no allegations that he suffered any detriment to any specific litigation, either pending or contemplated, due to these temporary deprivations of his legal property. *See Alston v. DeBruyn,* 13 F.3d 1036, 1041 (7th Cir. 1994); *Jenkins*, 977 F.2d at 268; *Shango v. Jurich*, 965 F.2d 289, 291 (7th Cir. 1992); *Howland v. Kilquist*, 833 F.2d 639, 642-43 (7th Cir. 1987); *Hossman v. Sprandlin*, 812 F.2d 1019, 1021 n.2 (7th Cir. 1987). Therefore, he has not presented a viable constitutional claim regarding the confiscation of his legal property.

Finally, there are potential claims involving each of the 12 disciplinary tickets. As summarized on Attachment A to this order, the complaint and exhibits provide details regarding these tickets. Beginning with in May 2003, the three tickets written that month each resulted in a grade reduction and time in segregation. Likewise, two tickets dated July 15, 2003, as well as tickets dated July 20 and August 1, each resulted in grade reduction, time in segregation and, on the August 1 ticket, loss of commissary and yard privileges. However, Plaintiff has no protected liberty interest in remaining in general population. *See, e.g., Thomas v. Ramos*, 130 F.3d 754, 760-62 (7th Cir. 1997) (70 days in segregation not atypical and significant hardship); *Wagner v. Hanks,* 128 F.3d 1173, 1175-76 (7th Cir. 1997) (rejecting claim that prisoner was improperly held one year in disciplinary confinement); *Whitford v. Boglino*, 63 F.3d 527, 533 (7th Cir. 1995) (six months in segregation not atypical and significant hardship). Accordingly, he has no constitutional claim regarding this disciplinary tickets, and those claims are dismissed from this action with prejudice.

The remaining tickets resulted in the loss of good time credit as well as time in disciplinary segregation. The proper method for challenging the revocation of good time credit is habeas corpus, but only after Plaintiff has exhausted his remedies through the Illinois state courts. *See, e.g.,Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994). The Illinois courts have recognized mandamus as an

appropriate remedy to compel prison officials to award sentence credit to a prisoner. *Taylor v. Franzen*, 93 Ill.App.3d 758, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill.App. 1981). *See also United States ex rel. Isaac v. Franzen*, 531 F. Supp. 1086, 1091-94 (N.D. Ill. 1982). The State of Illinois must first be afforded an opportunity, in a mandamus action pursuant to 735 ILCS 5/14-101 *et seq*. to consider the merits of Plaintiff's claim. Accordingly, Plaintiff's claims regarding those tickets that resulted in the loss of good conduct credit are also dismissed.

## DISPOSITION

**IT IS HEREBY ORDERED** that Plaintiff's claims regarding disciplinary proceedings, confiscation of personal property, and interference with access to the courts are **DISMISSED** from this action with prejudice. **THE ONLY CLAIM REMAINING IN THIS ACTION IS PLAINTIFF'S CLAIM OF RETALIATION AGAINST DEFENDANT ROBINSON.**

**IT IS FURTHER ORDERED** that Defendants **BATTS, FLAGG, FRITTS, HAGENE, HUDSON, JACKSON, KELLERMAN, KLINDWORTH, PIERSON** and **PURSELL** are **DISMISSED** from this action with prejudice.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendant **ROBINSON**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendant **ROBINSON** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the

passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by

counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

Plaintiff's motion for status (Doc. 6) is now **MOOT**.

**IT IS SO ORDERED.**

**DATED this 27th day of February, 2006.**

        **s/ Michael J. Reagan**
        **MICHAEL J. REAGAN**
        **United States District Judge**